```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
VASUDEVA RAJU AMBATI,                                              :
                                                                   :
                              Plaintiff,                           :   24-CV-5712 (JMF)
                                                                   :
                   -v-                                             :
                                                                   :   MEMORANDUM OPINION
UNITED STATES CITIZENSHIP & IMMIGRATION                            :        AND ORDER
SERVICES et al.,                                                   :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Vasudeva Raju Ambati, an Indian national, sues the United States Citizenship and Immigration Services ("USCIS"), the Acting Director of the USCIS, the United States Department of Homeland Security ("DHS"), and the Secretary of DHS (together, "Defendants"), challenging their finding that he is inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(C)(i). Ambati purports to bring his claims under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. Defendants now move, pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Complaint. ECF No. 31. For the reasons that follow, the Court concludes that it lacks subject-matter jurisdiction and, thus, dismisses the Complaint pursuant to Rule 12(b)(1).

## BACKGROUND

The following facts are taken from the Second Amended Complaint, ECF No. 35 ("Compl."), and documents referenced or attached thereto, including the October 10, 2024

Notice of USCIS Motion to Reopen and Recalendar, ECF No. 32-1 ("Notice of Service Motion"), and are assumed to be true for purposes of this motion.

Ambati is an Indian national who has resided and worked in the United States since at least 2004. *See* Compl. ¶¶ 5, 86. He was previously employed by Vision Systems Group Inc. and related companies (together, "VSG"). During Ambati's employment with VSG, VSG filed I-140 Petitions on his behalf, and USCIS approved H-1B petitions for Ambati's employment. *See id.* ¶¶ 43, 46, 75. Thereafter, USCIS extended Ambati's H-1B status multiple times, most recently on August 26, 2019. *See id.* ¶¶ 75-76.

In 2016, Ambati began working for Baha Industries Corporation, which does business as Open Systems Technology ("OST"). *See* ECF No. 35-5, at 12. On December 2, 2020, OST filed an I-140 Petition on behalf of Ambati, seeking to sponsor him for permanent employment. *See* Compl. ¶ 52. That same day, Ambati filed a Form I-485 Application, seeking lawful permanent resident ("LPR") status as the principal beneficiary of an approved I-140 Petition for Alien Workers. *Id.* ¶ 56. The I-140 Petition was approved by USCIS on May 25, 2021. *See* ECF No. 35-9. Defendants interviewed Ambati in connection his I-485 Application, Compl. ¶¶ 57-58, including on July 25, 2023, at 26 Federal Plaza in New York, *id.* ¶¶ 59-61. When asked about his employment during that interview, Ambati provided an employment verification letter from his then-employer Mitchell Martin. *Id.* ¶¶ 61-62.

On October 10, 2023, Defendants denied Ambati's Form I-485 Application and issued a finding that he was inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(C)(i), a provision barring non-citizens from seeking immigration benefits "by fraud or willfully misrepresenting a material fact." *Id.* ¶¶ 64, 66. Ambati filed an administrative appeal, which was rejected on May 16, 2024. *See* ECF No. 32-1 ("Notice of Service Motion"), at 1.

2

On July 31, 2024, Ambati filed this lawsuit. *See* ECF No. 1. On October 10, 2024, USCIS issued a Notice of Service Motion informing Ambati that, although USCIS will reopen and reconsider Ambati's Form I-485 Application, it intends to re-deny the Application. *See* Notice of Service Motion 1-2. Specifically, the Notice of Service Motion stated that USCIS intended to deny the Application based on its finding that Ambati was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) because: (1) he failed to demonstrate that he was currently working for the employer listed on his approved Form I-140, and (2) he failed to demonstrate that he did not commit willful misrepresentation or fraud in connection with his prior employment in the United States. *See id.* As to the first reason, USCIS explained that it was unable to determine that OST, the employer listed in Ambati's Form I-140, even existed. *See id.*

As to the second reason, USCIS explained that its records showed that Ambati had previously sought immigration status through an employer connected to immigration fraud, namely VSG. *Id.* at 2-3. Back in 2010, VSG officers had stipulated to facts in a plea agreement, admitting to their participation in a fraudulent immigration scheme by hiring nonimmigrant workers unauthorized to be in the United States and creating shell companies to issue immigration documents to USCIS containing materially false statements about employees. *See id.* at 2. Noting that Ambati reported employment with VSG during the period when VSG admitted to immigration fraud, USCIS determined that Ambati sought immigration status through fraudulent employment. *See id.* at 3.

The Notice of Service Motion gave Ambati thirty days to respond. *Id.* On November 7, 2024, Ambati provided documentation and evidence relating to his employment with VSG and copies of his H-1B Petitions that USCIS had approved in connection with his employment with VSG. *See* Compl. ¶¶ 72-76. On January 17, 2025, USCIS issued a Notice of Decision

dismissing the probative value of the documentation that Ambati had submitted and finding him inadmissible under 8 U.S.C. 1182(a)(6)(C)(i). *Id.* ¶ 77; ECF No. 32-2 ("Notice of Decision"), at 3-4. The Notice of Decision explained that the finding of inadmissibility could be waived but that USCIS was declining to waive it. *See* Notice of Decision 4.

## DISCUSSION

The Court begins, as it must, with Defendants' motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See, e.g., Singh v. United States Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended* (Jan. 9, 2018) ("Federal courts are courts of limited jurisdiction and must independently verify the existence of subject-matter jurisdiction before proceeding to the merits."). "A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (cleaned up), *aff'd*, 561 U.S. 247 (2010). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Ambati fails to carry that burden because his suit is plainly barred by the INA. Under federal immigration law, a non-citizen may apply "for adjustment of status to lawful permanent resident, a discretionary form of relief, under 8 U.S.C. § 1255." *Xia v. Bondi*, 137 F.4th 85, 87 (2d Cir. 2025). Section 1252(a)(2)(B)(i) of the INA, however, provides that "no court shall have

jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). In *Patel v. Garland*, 596 U.S. 328 (2022), the Supreme Court explained that, in the removal context, "§ 1252(a)(2)(B)(i) does not stop at just the grant or denial of relief; it extends to any judgment 'regarding' that ultimate decision." *Id.* at 344. Thus, even "questions of fact underlying denials of discretionary relief are unreviewable." *Wilkinson v. Garland*, 601 U.S. 209, 219 (2024). And the Second Circuit recently held that these limitations extend beyond the removal context and include denials of adjustment of status. *Xia*, 137 F.4th at 89. Thus, judicial review of a decision to deny an application for adjustment of status is limited to constitutional claims and questions of law, which must be brought through a petition for review of a removal order in the Court of Appeals. *See* 8 U.S.C.§ 1252(a)(2)(D).

Here, the inadmissibility finding issued against Ambati under Section 1182(a)(6)(C)(i) plainly constitutes a "judgment regarding" USCIS's denial of his Form I-485 Application seeking LPR status under Section 1255. *See Xia*, 137 F.4th at 90-92. It follows that the Court lacks "jurisdiction to review" that finding pursuant to Section 1252(a)(2)(B)(i) of the INA. And none of Ambati's arguments come close to overcoming this jurisdictional bar.

Ambati's principal argument is that he challenges USCIS's inadmissibility finding, which — unlike the denial of adjustment of status under Section 1255 — is not covered by Section 1252(a)(2)(B)(i). *See* ECF No. 38 ("Pl.'s Opp'n"), at 7-13. The inadmissibility finding, Ambati's argument goes, is separate from USCIS's denial of his I-485 Application because it was premised on facts that predated his application — namely, facts relating to his past employment with VSG. But Ambati cites no authority to support this proposition. Nor does he explain why the date of the events underlying USCIS's inadmissibility finding matters. In *Patel*, the Supreme Court explained that Section 1252(a)(2)(B)(i) precludes judicial review of "any

5

judgment *regarding the granting of relief*," which, by its terms, is not limited to only the "ultimate grant or denial of relief" but also broadly "extends to any judgment 'regarding' that ultimate decision," including the "factual underpinnings" of USCIS's determination of statutory inadmissibility.  596 U.S. at 343-44 (emphasis added).  Thus, the fact that the inadmissibility finding may have been based on facts from "over a decade earlier," *see* Pl.'s Opp'n 12, has no bearing; the relevant statute deems inadmissible anyone who, like Ambati, "has *procured*" or "has sought to procure" an immigration benefit through fraud or willful misrepresentation.  *See* 8 U.S.C. § 1182(a)(6)(C)(i) (emphasis added).

Ambati's remaining arguments as to the INA can be dismissed even more swiftly.  His suggestion that the inadmissibility finding is a non-discretionary decision subject to statutory review, *see* Pl.'s Opp'n 9, is also foreclosed by *Patel*, which "squarely rejected the argument, . . . that the word 'judgment' in Section 1252(a)(2)(B)(i) referred 'exclusively to a decision that requires the use of *discretion*.'"  *Azatullah v. Mayorkas*, No. 20-CV-01069 (MKV), 2023 WL 5935028, at *4 (S.D.N.Y. Sept. 12, 2023) (quoting *Patel*, 596 U.S. at 337).  Ambati also takes issue with the fact that Defendants previously approved his H-1B Petitions without finding him inadmissible.  *See* Pl.'s Opp'n 8.  Taken to its logical conclusion, this argument implies that USCIS was required to issue a finding of inadmissibility as soon as the underlying facts were discovered "over a decade ago" and is now estopped from doing so.  *Id.* at 13.  But putting aside that estoppel does not ordinarily apply against the Government, *see, e.g.*, *Rojas-Reyes v. INS*, 235 F.3d 115, 126 (2d Cir. 2000), this argument is nothing more than an attack on the decisions underlying USCIS's inadmissibility finding, which, for the reasons discussed above, the Court lacks jurisdiction to scrutinize.  *See Xia*, 137 F.4th at 92.  In any event, Ambati cites no authority suggesting that USCIS is either bound by its prior admissibility determinations or forfeits its

6

right to make an inadmissibility finding by failing to do so immediately after the relevant facts come to light.

Finally, Ambati cannot circumvent the INA's statutory bar by invoking the federal question statute, the APA, or the Mandamus Act. "[N]either the Mandamus Act nor the APA (alone or together with the federal question statute) confers jurisdiction over a case before a district court where such review is prohibited by the INA." *Ansah v. Napolitano*, No. 12-CV-5205 (PKC), 2013 WL 247984, at *3 (S.D.N.Y. Jan. 23, 2013); *see, e.g.*, *Delgado v. Quarantillo*, 643 F.3d 52, 56 (2d Cir. 2011); *Yang v. Nolan*, No. 24-CV-3668 (LJL), 2025 WL 240966, at *8 (S.D.N.Y. Jan. 17, 2025) (holding that "the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)" required dismissal not only of a claim under the INA, but also a claim under the APA because the APA does not apply to the extent that "such review is limited by another statute — here, the INA").

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case. Accordingly, the Complaint must be and is dismissed pursuant to Rule 12(b)(1) (and the Court does not address Defendants' arguments for dismissal under Rule 12(b)(6)). Further, the Court declines to *sua sponte* grant Ambati leave to amend. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Ahmed v. GEO USA LLC*, No. 14-CV-7486 (JMF), 2015 WL 1408895, at *5 (S.D.N.Y. Mar. 27, 2015) (internal quotation marks omitted). Here, "leave to amend would be futile given that there is no basis to invoke this Court's subject matter jurisdiction." *Gross v. Intratek Computer Inc.*, No. 22-CV-7440 (GRB) (AYS), 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023); *see, e.g.,*

7

*Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (observing that leave to amend may be denied where amendment would be futile).  Moreover, the Court expressly warned Ambati that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  *See* ECF No. 34; *see also, e.g., Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.").

The Clerk of Court is directed to terminate ECF No. 31, to enter judgment for Defendants, and to close the case.

SO ORDERED.

Dated: July 10, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge